IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Thompson, #289044, | ) | C/A No. 4:08-1661-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, John Thompson ("petitioner/Thompson"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 23, 2008. Respondents filed a motion for summary judgment on September 22, 2008, along with supporting memorandum. The undersigned issued an order filed September 23, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on October 27, 2008.

**I.  PROCEDURAL HISTORY**

There has been no significant opposition filed as to the procedural history as set out by the respondent. Therefore, the undisputed procedural history as set out in respondent's memorandum will be discussed below.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

The petitioner is presently confined in the Evans Correctional Institution of the South Carolina Department of Corrections pursuant to the Horry County Clerk of Court's orders of commitment. The Horry County Grand Jury indicted petitioner at the January 2002 term of General Sessions for Distribution of Heroin (2002-GS-26-174). The petitioner was represented on the charges by Orrie West, Esquire. On November 20, 2002, petitioner went to trial by jury and was found guilty as indicted. The Honorable James E. Lockemy sentenced petitioner to confinement for a term of eighteen (18) years. A timely Notice of Appeal was filed on petitioner's behalf and Robert M. Pachak, Esquire, submitted an Anders brief. In the Anders brief he raised the following arguable ground:

> Whether the trial court erred in refusing to grant a mistrial after detective Cox disclosed that he had received information prior to the present buy that appellant was selling drugs when such information was unduly prejudicial?

*Final Anders Brief of Appellant*, p. 3. Petitioner filed a Pro Se Anders Brief on August 29, 2003, stating as his issue that : "the trial court erred in failing to grant Appellant's motion for directed verdict." *Pro Se Anders Brief*, p. 3. The South Carolina Court of Appeals dismissed the Applicant's appeal. State v. Thompson, Op. No. 2004-UP-107 (S.C. Ct. App. filed February 18, 2004). App.p. 154-155.

Petitioner made an Application for Post-Conviction Relief filed February 26, 2004. Thompson v. State, 2004-CP-26-1110. App.p. 156. In his application for post-conviction relief, petitioner alleges he is being held in custody unlawfully for the following reasons:

1. Ineffective assistance of trial counsel.

      A.    Failed to object to prosecutorial misconduct.
      B.    Failed to object to inconclusive evidence.
      C.    Failure to renew motion after bench conference after inadmissible evidence was disclosed which was prejudicial.

      D.      Failed to investigate the facts surrounding the crime and failure to abide by the rules of professional conduct, S.C. Rule 407 which violated defendant's 4th and 6th Amendment rights.

2. Ineffective assistance of appellate counsel.

      A.      Failed to Brief issues of sufficiency of evidence and plain error where indictment failed to charge drug quantity.

      B.      For briefing one issue and filing an Anders Brief resolving issue in favor of the state, concluding all claims were meritless rather than acting as an advocate on behalf of petitioner and briefing all issues that would have arguably support appeal, thus forcing defendant to proceed pro se.

      C.      He failed to investigate the facts surrounding the crime and because of his failure to meet with client and failure to abide by S.C. Rule 407, which violated applicant's $6_{th}$ and 14th Amendment rights.

   3. Subject matter jurisdiction.

      A.      State failure to take fundamental required steps by statute s 17-19-90, 17- 23-130, 22-5-540 and Rule 3 of the South Carolina Criminal Procedure concerning the indictment.

App.p. 159-160. The Respondent made its Return on November 24, 2004. App.p. 165 An evidentiary hearing into the matter was convened on July 29, 2005, at the Horry County Courthouse. Petitioner was present at the hearing and was represented by J. Christopher Clark, Esquire. Christopher L. Newton of the South Carolina Attorney General's Office represented the Respondent. At the hearing, petitioner testified on his own behalf. App.p. 174-181. His counsel, Orrie West, next testified. App.p. 181-210. At the conclusion of the hearing, the Honorable Steven John entered an oral order denying relief. App.p. 216-218. A written order was entered on August 19, 2005. App.p. 221-226.

Petitioner made an appeal from the denial of state postconviction relief. On April 3, 2006, the petitioner, through his appellate counsel, Robert M. Pachak of the South Carolina Office of Appellate Defense, raised the following claim in a Petition for Writ of Certiorari:

3

> Whether counsel was ineffective in failing to object to the solicitor's references to the informant as being "confidential and reliable" which bolstered his testimony?

On April 7, 2006, the Respondent made a Return. On August 30, 2007, the South Carolina Court of Appeals entered its order denying the petition for writ of certiorari. <u>Thompson v. State</u>, Order, (S.C.Ct.App. August 30, 2007). The remittitur was entered on September 17, 2007.

## II. PETITIONER'S GROUNDS FOR RELIEF

Petitioner filed his pro se Petition for Writ of habeas Corpus on April 23, 2008. (Doc. # 1). In his petition for habeas corpus, petitioner raises the following grounds, quoted verbatim:

I. Trial court erred in refusing to grant a mistrial after disclosure of unduly prejudicial information.

The trial court erred in refusing to grant a mistrial after Detective Cox disclosed that he had received information prior to the potential buy that petitioner was selling drugs when such information was unduly prejudicial. On direct examination, detective Cox stated that he had received information in reference to the Petitioner that he was selling drugs. Defense counsel objected and after a bench conference, the trial court told Detective Cox to respond to the questions that were asked. App.p. 45. The trial court, however, erred in failing to declare a mistrial.

II. Counsel was ineffective in failing to object to the solicitor's references to CI being "confidential and reliable."

Petitioner alleged defense counsel was ineffective in failing to object when the solicitor improperly bolstered the informant's credibility by referring to him as being "confidential and reliable" during closing arguments.

The solicitor's argument bolstered the informant's credibility by asserting that he was reliable. Jurors could well think that the solicitor had an independent basis for knowing that the informant was reliable.

III. Trial court erred in refusing to grant a motion for directed verdict.

4

> Petitioner asserts that Smith gave perjured testimony when he testified that there was no deal between he and the state to drop his charges for his testimony against petitioner.

(Petition and attached memorandum).

### III.  MERITS

### GROUND ONE

As set out above, petitioner argues under Ground One that the trial court erred in not granting a mistrial after Detective Cox testified that he received information prior to the present buy that petitioner was selling drugs when such information was unduly prejudicial. Respondent argues that this issue is procedurally barred because no request for a mistrial was made at trial. Respondent contends that, although an objection was made and an off the record conference held, the trial court only advised the witness to answer the question and counsel made no further comment about that matter throughout the trial. Respondent argues the issue regarding the admissibility of evidence has to be preserved by a contemporaneous objection.

A review of the trial transcript reveals that petitioner's trial counsel made an objection and asked for a side bar after which the trial judge instructed Detective Cox to respond to the question asked. There was never a request for a mistrial in the transcript. (Tr. 45). South Carolina has a contemporaneous objection rule. See Pike v. South Carolina Department of Transportation, 332 S.C. 605, 506 S.E.2d 516, 521 (1988)("For an issue to be preserved for appeal, it must have been raised to and ruled upon by the trial court.")." Id at 482. In this case, this issue would be procedurally defaulted when it was not presented to the trial court under the contemporaneous objection rule. As petitioner's claims to the state court of appeals were dismissed under an Anders review of the record,

5

it can be found that since federal law was not mentioned, the decision was grounded in state law. In federal habeas actions, the court does not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding. Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). Further, petitioner has failed to demonstrate cause and prejudice or a miscarriage of justice. Accordingly, the undersigned finds that this issue is procedurally defaulted and the petitioner has not shown prejudice to cure the default. Thus, the undersigned recommends that this issue be dismissed as procedurally defaulted.

**GROUND TWO**

In Ground Two, petitioner asserts that trial counsel was ineffective in failing to object to the solicitor's references to the prosecuting witness as being "confidential and reliable." (Petition). Respondent states that this issue was raised in state PCR and in the PCR appeal making it fully exhausted under §2254(d). However, respondent argues that the PCR court reasonably applied the mandates of Strickland v. Washington, 466 U.S. 668 (1984)

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney

performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

A review of the dismissal order from the PCR judge reveals he found the following with respect to this issue:

> After initially testifying that the State had improperly identified the

> informant as "confidential and reliable," she (trial counsel) admitted that the record included testimony that he had been used by the police several times before and that such use was one part of the designation of "confidential and reliable."
>
> . . .
>
> This Court finds that the Solicitor's reference to the witness Christopher Smith as a "confidential and reliable" informant was a permissible inference from the evidence presented in the record, and thus was not objectionable.

(Tr. 223, 225).

A review of the PCR transcript reveals that trial counsel testified that in hindsight she "might have had an objection that he wasn't an informant; he was just a defendant who had charges of his own. I can't totally recall, but if this is the one- - I can't remember if I made a motion about his being an informant, and if I didn't, this is probably one I should have, because he was a defendant. I think I made- - I raised issues about him being a defendant who had other charges, as opposed to an informant, reliable informant." (Tr. 191). Trial counsel also testified that during cross examination, she was able to point out Mr. Smith's record testifying "I talked about the theft, check charge, known for not being truthful. " (Tr. 191). Trial counsel testified that through her cross-examination she was able to bring to the jury's attention to some of the problems with Mr. Smith's "record, for sure." (Tr. 191). Trial counsel testified that she thought she discussed the fact that he was just a defendant who had charges but if she did not she should have. Further, trial counsel testified that they should have referred to him as a confidential agent not informant with him having charges.

A review of the trial transcript reveals the following colloquy between Mr. Smith and trial counsel, Ms. West, on cross-examination:

Q: Mr. Smith, you said that you have some pending charges; is that correct?

A: Yes, Ma'am.

Q: And one of them is for breach of trust; is that correct:

A: Yes, Ma'am.

Q: That involved taking some money?

A: Yes, Ma'am.

Q: And the other was for filing a false police report?

A: Yes, Ma'am.

Q: Now the charge that you're charged with is having lied on some paper that you gave to the police, is that correct?

A: Yes, Ma'am.

Q: On that occasion was that an untruthful statement that you made to law enforcement.

A: Yes, ma'am.

Q: And the charge of taking the money was that a dishonest, some dishonest conduct you did vis-a-vis your employer that you're accused of?

A: Yes, ma'am.

Q: Is that for theft of some sort?

A: Actually I don't remember, but I believe so.

Q: How about also a bad check charge; is that you?

A: Yes, ma'am.

Q: So there's been occasions where you've been known not to be truthful; is that correct?

A: Yes, ma'am.

Q: Okay. But today vis-a-vis this you're telling the truth?

A. Yes, ma'am.

(Tr. 99-100).

Under South Carolina law, closing arguments may encompass evidence in the record and reasonable inferences that may be drawn from that evidence. State v. Copeland, 468 SE2d 620 (S.C. 1996). Therefore, even though counsel testified that she probably could have objected to the term informant, she did in fact bring out to the jury that he had charges pending which concerned his propensity for being truthful. Additionally, testimony indicated that Smith had worked with the police several times. Based on the above, the record supports the state PCR court's holding, and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings.

In conclusion, the undersigned finds that there was no constitutional violation denying effective assistance of counsel as alleged in Ground Two of petitioner's claim for the reasons set forth above. The undersigned finds that counsel met the reasonableness test of Strickland, supra. Certainly, petitioner has failed, assuming *arguendo* there was error, to show the result was fundamentally unfair or unreliable. Therefore, based on the above, ground two is without merit and is appropriately denied for habeas corpus consideration. Thus, it is recommended that the respondents' motion for summary judgment be granted on this issue.

## GROUND THREE

In Ground Three of the habeas petition, petitioner argues that the trial court erred in refusing to grant a directed verdict or acquittal.

Since petitioner's claim is based on a violation of state law, it goes to the sufficiency of the

evidence. Such a claim is cognizable on collateral review, however, a federal court's review of such claims is "sharply limited." Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.1998), *cert. denied,* 525 U.S. 1012 (1998)(quoting Wright v. West, 505 U.S. 277, 296 (1992)); see also Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir.1994)["The standard is obviously rigorous."] "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-406 (*citing* Wright, 505 U.S. at 292). When reviewing such a claim, a federal court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982); and when faced with all the evidence that allows conflicting inferences, this Court must presume that the jury resolved such conflicts in the state's favor. Jackson v. Virginia, 443 U.S. 307, 326 (1979). Therefore, petitioner is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Wilson, 155 F.3d at 406 (*quoting* Jackson, 443 U.S. at 324)); *see also* George v. Angelone, 100 F.3d 353, 357 (4th Cir.1996); Bradley v. State, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr. 5, 2005).

Based on a review of the evidence presented at trial, there was evidence presented from which the jury could have found plaintiff guilty. There was testimony that Smith was searched before he went to the location to purchase heroin, that the Myrtle Beach Police Department strapped a microphone pack to his side and ran the mike wire up to his chest[2], that he rode his bicycle over to Crow's (Smith identified petitioner as Crow in the courtroom) residence, and requested and

---

[2] There was testimony from Detective Cox that there were some portions of the tape not audible due to what they think was a loose wire after petitioner fell in a ditch on his bicycle on the way to the residence where he made the buy from petitioner. (Tr. 49-57).

11

purchased five bags of heroin from petitioner for $150.00, and paid off a debt of $40.00 to Crow for a total of $190.00, and that the bags were subsequently tested and determined to be heroin. (Tr. 91-99).

Additionally, the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3 Fd 396, 407 (4th Cir. 1998). Therefore, this claim is without merit and it is recommended that the motion for summary judgment by respondent be granted with respect to this issue.

## IV.  CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (DOC. #21)  be GRANTED and petitioner's petition for Writ of Habeas Corpus denied, and this petition dismissed.

          Respectfully submitted,

          s/Thomas E. Rogers, III
          Thomas E. Rogers, III
          United States Magistrate Judge

May 27, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**